# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2005

GREGORY C. LANGHAM
CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 04-CR-153-04-B |
| | USM Number: 32569-013 |
| ROBERT J. SIGG | Larry S. Pozner, Retained |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count 4 of the Superseding Indictment.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud and Aiding and Abetting | 03/23/01 | 4 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 7 and 22 of the Superseding Indictment are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

February 17, 2005
Date of Imposition of Judgment

/s/ Lewis T. Babcock
Signature of Judge

Lewis T. Babcock, Chief U.S. District Judge
Name & Title of Judge

2/17/05
Date

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this ___ day of Feb 05
GREGORY C. LANGHAM
By _____ Deputy

282

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B

Judgment-Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served.

UNITED STATES DISTRICT COURT
DENVER, COLO.

FEB 28 2005

GREGORY C. LANGHAM
CLERK

## RETURN

I have executed this judgment as follows:

Released on 4-9-04, 2 days in Custody. Time Served.

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

Ed Zahren
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B

Judgment-Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B

Judgment-Page 4 of 8

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2) The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.

3) The defendant shall not engage in any business activity unless said activity is operating under a formal, registered entity such as a corporation, limited liability company, limited liability partnership, limited liability limited partnership, sole proprietorship or general partnership.

4) The defendant shall not register any new business entity, foreign or domestic, without notifying the probation officer.

5) The defendant shall maintain business records for any business activities in which he engages, including maintaining records of client financial transactions and client contracts.

6) The defendant shall provide all requested documentation to the probation officer regarding any of his business activities, including but not limited to business bank statements; business tax returns; annual, quarterly and monthly financial statements; quarterly estimated tax payments; articles of incorporation; partnership agreements; sales, property, and payroll tax returns; list of business customers and business vendors; billing statements to customers and vendor invoices; client contracts; equipment purchase agreements or leases; real estate escrow statements and real estate leases for any business properties; business insurance policies; business telephone bills; and samples of business advertisements. The defendant shall provide requested documentation to the probation officer on a quarterly basis or as requested by the probation officer.

7) The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B                                    Judgment-Page 5 of 8

8)  The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.

9)  The defendant shall not open or maintain any foreign holdings, including but not limited to foreign bank accounts, real estate, or investments.

10) The defendant shall not conduct any foreign financial transactions without the approval of the probation officer.

11) The defendant may travel within the continental United States without restriction upon providing an itinerary in advance to the probation officer.

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B                                                    Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 4 | $100.00 | $0.00 | $141,163.13 |
| **TOTALS** | $100.00 | $0.00 | $141,163.13 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Washington Mutual, Inc.<br>Attn: Joyce Laca<br>Research and Support<br>400 East Main Street, 4th Floor<br>Stockton, CA 95290<br>Ref: Loan# 43256668 | $141,163.13 | $141,163.13 | |
| **TOTALS** | $141,163.13 | $141,163.13 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B                                                      Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment shall be paid immediately. Restitution shall be paid in equal monthly installments of at least $1,000 during the term of supervised release. Any funds restored to the victim as a result of a civil forfeiture shall be credited toward the balance of the defendant's restitution obligation. The restitution obligation shall be joint and several with similar obligations to pay restitution imposed on Robert E. Bichon, Case No. 04-CR-153-03-B and Gerald P. Small, III, Case No. 04-CR-153-01-B.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal.

DEFENDANT: ROBERT J. SIGG
CASE NUMBER: 04-CR-153-04-B                                                     Judgment-Page 8 of 8

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory. The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

The court finds that the imposition of a fine is not appropriate in this case. The court overrules the defendant's objection regarding waiving the mandatory drug testing provisions of 18 U.S.C. § 3583(d). The court finds that the special conditions of supervised release recommended by the probation office are appropriate due to the nature of the instant offense and the nature of the defendant's employment. The court finds that these special conditions further the statutory objectives of 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: 9

Criminal History Category: II

Imprisonment Range: 6 to 12 months

Supervised Release Range: 3 to 5 years

Fine Range: $1,000   to   $1,000,000

The fine is waived in this case.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: $141,163.13

**DEPARTURE**

The sentence departs <u>below the advisory guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**

Based on a binding plea agreement for departure, which the court has accepted, pursuant to a §5K1.1 motion of the government based on the defendant's substantial assistance.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence. It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record. Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**DISTRICT OF COLORADO**

CERTIFICATE OF MAILING

Case No. **04-CR-153-04-B**                                                      February 23, 2005

---

Copies of this Judgment and Commitment order were served by hand delivery or by United States mail, postage prepaid, addressed to the persons listed below.

U.S. Marshal (hand delivered)
(3 certified copies, 1 non-certified)

Matthew Kirsch (hand delivered)
Assistant U.S. Attorney

U.S. Probation (hand delivered)
(2 certified copies, 1 non-certified)

Pretrial Services (hand delivered)

Larry Pozner (mailed)
511 16th Street # 700
Denver, CO. 80209

Financial Litigation Unit (hand delivered)
U.S. Attorney's Office

Carol Henderson (hand delivered)
Financial Deputy

Judge Lewis T. Babcock (hand delivered)

GREGORY C. LANGHAM, CLERK

By: _____
Kevin Trujillo, Deputy Clerk