AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of      COLORADO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| GERALD SMALL, III | Case Number: 04-cr-00153-LTB-01 |
| | USM Number: 32531-013 |
| | Robert T. McAllister, Retained |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 2, 4, and 8 of the Superseding Indictment and admitted to Count 22, the Forfeiture Allegation: Judgment of forfeiture of the defendant's interest in the Subject Property more particularly described in Exhibit 1 to this Order shall enter in favor of the United States pursuant to Title 18, United States Code, Section 982(a)(2) and Fed. R. Crim. P. 32.2(b)(3).

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 287 and 2 | Making a False Claim | 02/17/00 | 2 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 07/31/01 | 4 |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud Affecting a Financial Institution | 02/12/04 | 8 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  All remaining counts of the Indictment and Superseding Indictment are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 3, 2006
Date of Imposition of Judgment

s/Lewis T. Babcock

Lewis T. Babcock, Chief U.S. District Judge
Name and Title of Judge

March 14, 2006
Date

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __10__

DEFENDANT: GERALD SMALL, III
CASE NUMBER: 04-cr-00153-LTB-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 months on count 2 and 101 months on each of counts 4 and 8, with all sentences to be served concurrently, for a total combined sentence of 101 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the Bureau of Prisons place the defendant at a facility in Colorado. The court further recommends that the Bureau of Prisons consider the defendant for the Residential Drug Abuse Program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m. p.m. on _____.

   as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☒ before 12 p.m. on __April 17, 2006__.

   as notified by the United States Marshal.

   ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __10__

DEFENDANT: GERALD SMALL, III
CASE NUMBER: 04-cr-00153-LTB-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

three (3) years on count 2 and terms of five (5) years each on counts 4 and 8, with all such terms to run concurrently.

 The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

 If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide access to any requested financial information.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: GERALD SMALL, III
CASE NUMBER: 04-cr-00153-LTB-01

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2. The defendant shall not act as fiduciary or investment advisor for third parties, or engage in business involving telemarketing, or the purchase, or sale of securities, commodities, the provision of public, or private financing, the provision of financial investment, or the provision of business, or investment opportunities or investments, without permission from the probation officer or the Court.

3. The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.

4. The defendant shall not engage in any business activity unless said activity is operating under a formal, registered entity such as a corporation, limited liability partnership, limited liability limited partnership, sole proprietorship or general partnership.

5. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer.

6. The defendant shall maintain business records for any business activities in which he engages, including maintaining records of client financial transactions and client contracts.

7. The defendant shall provide all requested documentation to the probation officer regarding any of his business activities, including but not limited to business bank statements; business tax returns; annual, quarterly and monthly financial statements; quarterly estimated tax payments; articles of incorporation; partnership agreements; sales, property, and payroll tax returns; list of business customers and business vendors; billing statements to customers and vendor invoices; client contracts; equipment purchase agreements or leases; real estate escrow statements and real estate leases for any business properties; business insurance policies; business telephone bills; samples of business advertisements. The defendant shall provide requested documentation to the probation officer on a quarterly basis or as requested by the probation officer.

8. The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

9. The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.

10. The defendant shall not open or maintain any foreign holdings, including but not limited to foreign bank accounts, real estate, or investments.

11. The defendant shall not conduct any foreign financial transactions without the approval of the probation officer.

12. The defendant shall not engage in any gambling activities either privately, in a casino, or on the internet.

13. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __10__

DEFENDANT:     GERALD SMALL, III
CASE NUMBER:    04-cr-00153-LTB-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 35,279,440.27 |

[X] The determination of restitution was deferred for a period of 10 days from the date of sentencing pursuant to 18 U.S.C. § 3664(d)(5).

[X] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Exhibit 2. | 35,279,440.27 | 35,279,440.27 | See Exhibit 2. |
| **TOTALS** | $ 35,279,440.27 | $ 35,279,440.27 | |

[ ] Restitution amount ordered pursuant to plea agreement $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [X] the interest requirement is waived for the    [ ] fine    [X] restitution.

    [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __10__

DEFENDANT:    GERALD SMALL, III
CASE NUMBER:    04-cr-00153-LTB-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**    ☒   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C**    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☒   Special instructions regarding the payment of criminal monetary penalties:

       Restitution: See Exhibit 2. Disbursement of restitution payments shall be deferred until the balance of the Court registry account totals at least $1,000. The total monetary obligations shall be due and payable immediately, with any outstanding balance to be paid in equal monthly installments during the term of supervised release as directed by the probation officer.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Name | Case Number | Amount |
|---|---|---|
| Chad E. Heinrich | 04-cr-00153-LTB-06 | $35,032,080.64 |
| Charles Winnett | 04-cr-00153-LTB-05 | 35,032,080.64 |
| Robert E. Bichon | 04-cr-00153-LTB-03 | 2,295,155.97 |
| Robert J. Sigg | 04-cr-00153-LTB-04 | 141,163.13 |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
     See Exhibit 1.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

Judgment—Page 7 of 10

DEFENDANT: GERALD SMALL, III
CASE NUMBER: 04-cr-00153-LTB-01

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐ **The court adopts the presentence investigation report without change.**

B ☒ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1 ☒ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):
The sophisticated means adjustment provided by U.S.S.G. §2T1.4 is moot as it applies to Count 2. Therefore, the adjusted offense level for Count 2 is 14.

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☐ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 34
Criminal History Category: I
Imprisonment Range: 60 months on Count 2; 151 to 188 months on Counts 4 and 8
Supervised Release Range: 2 to 3 years on Count 2; 3 to 5 years on Counts 4 and 8
Fine Range: $ 17,500 to $ 175,000 on Count 2; $17,500 to $1,000,000 on Counts 4 and 8
☒ Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 06/05) Criminal Judgment
        Attachment (Page 2) — Statement of Reasons

Judgment—Page __8__ of __10__

**DEFENDANT:** GERALD SMALL, III
**CASE NUMBER:** 04-cr-00153-LTB-01

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

- A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

- B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

- C ☒ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

- D ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

    A    **The sentence imposed departs** (Check only one.):
        ☒ below the advisory guideline range
        ☐ above the advisory guideline range

    B    **Departure based on** (Check all that apply.):

        1    **Plea Agreement** (Check all that apply and check reason(s) below.):
            ☒ 5K1.1 plea agreement based on the defendant's substantial assistance
            ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
            ☐ binding plea agreement for departure accepted by the court
            ☐ plea agreement for departure, which the court finds to be reasonable
            ☐ plea agreement that states that the government will not oppose a defense departure motion.

        2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
            ☐ 5K1.1 government motion based on the defendant's substantial assistance
            ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
            ☐ government motion for departure
            ☐ defense motion for departure to which the government did not object
            ☐ defense motion for departure to which the government objected

        3    **Other**
            ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

    C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm | |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress | |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity | |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare | |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense | |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon | |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang | |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior | |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct | |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders | |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment | |
| | | | | ☐ Other guideline basis (e.g., 2B1.1 commentary) | | |

    D    **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

AO 245B     (Rev. 06/05) Criminal Judgment
             Attachment (Page 3) — Statement of Reasons

Judgment—Page __9__ of __10__

DEFENDANT:     GERALD SMALL, III
CASE NUMBER:    04-cr-00153-LTB-01

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

    A    **The sentence imposed is** (Check only one.):
           ☒ below the advisory guideline range
           ☐ above the advisory guideline range

    B    **Sentence imposed pursuant to** (Check all that apply.):

       1    **Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
              ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
              ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

       2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐ government motion for a sentence outside of the advisory guideline system
              ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
              ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

       3    **Other**
              ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

    C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

         ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
         ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
         ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
         ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
         ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
         ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
         ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

    D    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.)

AO 245B     (Rev. 06/05) Criminal Judgment
            Attachment (Page 4) — Statement of Reasons

Judgment—Page __10__ of __10__

**DEFENDANT:** GERALD SMALL, III
**CASE NUMBER:** 04-cr-00153-LTB-01

# STATEMENT OF REASONS

**VII    COURT DETERMINATIONS OF RESTITUTION**

    A       Restitution Not Applicable.

    B       Total Amount of Restitution: $35,279,440.27

              ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

      2    ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

      3    ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

      4    ☐ Restitution is not ordered for other reasons. (Explain.)

   D    ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

<u>U.S. v. Gerald P. Small, III, et al.</u>
04-cr-00153-LTB

## EXHIBIT 1

a. Proceeds with accrued interest and Escrow amounts, if any, from the sale of **4004 Birchmont Street, Las Vegas, Nevada**, from RSGT Development to Horizon Homes, Inc., as evidenced by the Grant, Bargain, Sale Deed dated August 20, 2003 and recorded in the records of Clark County, Nevada, on February 26, 2004.

b. Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **2659 Regency Cove Court, Las Vegas, Nevada**, more particularly described as:

Emerson Estates, Unit 2, Plat Book 94, Page 64, Lot 10;
Parcel No. 162-13-221-001; Clark County, Nevada.

c. Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **2647 Regency Cove Court, Las Vegas, Nevada**, more particularly described as:

Emerson Estates, Unit 2, Plat Book 94, Page 64, Lot 13;
Parcel No. 162-13-221-004; Clark County, Nevada.

d. Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **5376 Valley Wells Way, Las Vegas, Nevada**, more particularly described as:

Hacienda Estates, Unit 1, Plat Book 93, Page 85, Lot 23, Block 1; Parcel No. 163-28-718-023; Clark County, Nevada.

e. Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **5396 Valley Wells Way, Las Vegas, Nevada**, more particularly described as:

Hacienda Estates, Unit 1, Plat Book 93, Page 85, Lot 25, Block 1; Parcel No. 163-28-718-025; Clark County, Nevada.

f.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **5387 Valley Wells Way, Las Vegas, Nevada**, more particularly described as: Hacienda Estates, Unit 1, Plat Book 93, Page 85, Lot 16, Block 1; Parcel No. 163-28-718-016; Clark County, Nevada.

g.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **5397 Valley Wells Way, Las Vegas, Nevada**, more particularly described as:

Hacienda Estates, Unit 1, Plat Book 93, Page 85, Lot 15, Block 1; Parcel No. 163-28-718-015; Clark County, Nevada.

h.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **5386 Valley Wells Way, Las Vegas, Nevada**, more particularly described as:

Hacienda Estates, Unit 1, Plat Book 93, Page 85, Lot 24, Block 1; Parcel No. 163-28-718-024; Clark County, Nevada.

i.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **4116 Villa Flora Street, Las Vegas, Nevada**, more particularly described as:

Willowdale Park Merger Resub, Plat Book 103, Page 30, Lot 1, Block 2; Parcel No. 138-01-812-003; Clark County, Nevada.

j.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **4005 Birchmont Street, Las Vegas, Nevada**, more particularly described as:

Willowdale Park Merger Resub, Plat Book 103, Page 30, Lot 18, Block 2; Parcel No. 138-01-812-018; Clark County, Nevada.

k.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **2278 Coral Ridge Avenue, Henderson, Nevada**, more particularly described as:

Green Valley Ranch-Parcel 42, Plat Book 75, Page 39, Lot 25, Block 2; Parcel No. 178-19-813-020; Clark County, Nevada.

l.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **2286 Candlestick Avenue, Henderson, Nevada**, more particularly described as:

   Green Valley Ranch-Parcel 42, Plat Book 75, Page 39, Lot 6, Block 1; Parcel No. 178-19-813-009; Clark County, Nevada.

m.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **513 Bighorn Ridge Avenue, Henderson, Nevada**, more particularly described as:

   Highlands Unit 1, Plat Book 78, Page 53, Lot 32, Block 5; Parcel No. 178-28-212-033; Clark County, Nevada.

n.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **509 Bighorn Ridge Avenue, Henderson, Nevada**, more particularly described as:

   Highlands Unit 1, Plat Book 78, Page 53, Lot 33, Block 5; Parcel No. 178-28-212-034; Clark County, Nevada.

o.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of of, **505 Bighorn Ridge Avenue, Henderson, Nevada**, more particularly described as:

   Highlands Unit 1, Plat Book 78, Page 53, Lot 34, Block 5; Parcel No. 178-28-212-035; Clark County, Nevada.

p.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **28237 Belle Vista Drive, Conifer, Colorado**, more particularly described as:

   Lot 5, Belle Meade Subdivision; Parcel No. 61-224-01-005 County of Jefferson, Colorado.

q.  Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of of, **130 Red Fox Drive**, Gypsum, Colorado, more particularly described as:

Lot 89, Cotton Ranch Planned Unit Development Timberwolf Filing (Filing 3), according to the final Plat recorded September 18, 1996 in Book 705 at Page 680, as Reception No. 601664, County of Eagle, Colorado.

r. Real property located at, or the proceeds, with accrued interest and Escrow amounts, if any, from the sale of, **14149 Augusta Drive, Broomfield, Colorado**, more particularly described as:

Lot 16, the Broadlands Filing No. 7, City and County of Broomfield, State of Colorado.

s. $3,411,554.58 in United States Currency, which funds were wire transferred from Bank One account number 193830179, in the name of TDF Mortgage Funding Inc., to Flagstar Bank, FSB, routing number 2724 7185 2, between March 12, 2004, and March 15, 2004, as payoffs for the loans named in the chart below:

| # | DATE | AMOUNT | RUNNING TOTAL | NAME ON WIRE |
|---|---|---|---|---|
| 1 | 03/12/04 | $463,762.74 | $463,762.74 | Eller |
| 2 | 03/12/04 | $398,428.16 | $862,190.90 | Furtney |
| 3 | 03/12/04 | $354,655.25 | $1,216,846.15 | Coy |
| 4 | 03/12/04 | $334,038.51 | $1,550,884.66 | Flores |
| 5 | 03/15/04 | $412,101.50 | $1,962,986.16 | Rivera |
| 6 | 03/15/04 | $409,104.79 | $2,372,090.95 | Campbell |
| 7 | 03/15/04 | $404,730.21 | $2,776,821.16 | Backus |
| 8 | 03/15/04 | $363,738.84 | $3,140,560.00 | Orten |
| 9 | 03/15/04 | $270,994.58 | $3,411,554.58 | Gifford |

or the Letter of Credit received by the government from Flagstar Bank, FSB in lieu of this currency.

t. $3,822,654.95 in United States Currency, seized on March 16, 2004, from Bank One, Denver, Colorado, pursuant to a federal Civil Seizure Warrant, Case No. 04-X-013.

u. $560,383.03 in United States Currency, seized on March 16, 2004, from First National Bank of Colorado, Boulder, Colorado, pursuant to a federal

4

Civil Seizure Warrant, Case No. 04-X-014.

v. $10,000.00 in United States Currency, seized from defendant Chad E. Heinrich, on April 5, 2004.

w. $25,000 in United States Currency, seized from defendant Robert J. Sigg, on May 26, 2004.

x. Approximately $727,706.11 representing the balance of a $1,000,000.00 deposit of collateral made on or about December 26, 2003, by Twentieth Century Mortgage, Inc. with First Collateral Services, Inc., less an outstanding principal balance, interest, fees, and expenses (currently $727,706.11).

y. 2004 Jaguar XJR, VIN SAJEA73B84TG12447.

z. 2002 black Toyota Tacoma Pickup, VIN 5TEWN72N12Z042516.

aa. 2000 black Dodge Ram 2500 Pickup, VIN 1B7KF2363YJ117032.

bb. 2002 silver Nissan Pathfinder, VIN JN8DR09Y42W713388.

cc. 2003 silver Dodge Ram 3500 Pickup, VIN 3D7LU38C33G748491.

dd. 2003 black Lexus GX-470, VIN JTJBT20X730019865.

*Exhibit 2*

## SETTLEMENT AND DISTRIBUTION AGREEMENT

This Settlement Agreement ("Agreement") is made on this 10th day of March, 2006 ("Effective Date") between (1) Flagstar Bank, FSB ("Flagstar") and Impac Warehouse Lending Group, Inc. ("Impac") ("Flagstar and Impac") (2) Washington Mutual, Inc. ("Washington Mutual"), Bank One, Greenpoint Mortgage, Lehman Brothers Bank, FSB ("Lehman"), US Bancorp/US Bank ("US Bancorp"), and Wells Fargo Bank N.A. ("Wells Fargo") (collectively, the "Other Banks") and (3) the United States Attorney ("Government").

## RECITALS

WHEREAS, on April 7, 2004, the United States of America ("Government") filed an indictment against Gerald P. Small, III, Kelli B. Small, Robert E. Bichon, Robert J. Sigg, Charles E. Winnett and Chad E. Heinrich ("Criminal Defendants") and identified certain assets subject to forfeiture ("Forfeiture Claims"), in the case styled as <u>United States of America v. Gerald Small et al.</u>, United States District Court for the District of Colorado, Case Number 04-CR-153-B ("Criminal Action"); and

WHEREAS, on August 9, 2004 the Government filed a superceding indictment against the Criminal Defendants; and

WHEREAS, on October 25, 2004, the Government filed the Third Bill of Particulars for Forfeiture of Property; and

WHEREAS, on November 24, 2004, the Government filed the Fourth Bill of Particulars for Forfeiture of Property; and

WHEREAS, on April 8, 2005, Flagstar and Impac entered into a Settlement Agreement for the collection of their losses from the Criminal Defendants' conduct.

WHEREAS, as part of their plea agreements in the Criminal Action, all of the Criminal Defendants with potential ownership interests in the assets subject to forfeiture have confessed the Forfeiture Claims.

WHEREAS, on October 12, 2005, the United States Attorney and Gerald Small entered into a Plea Agreement and Statement of Facts ("Plea Agreement"), which, among other things, identified the victims and losses from the Criminal Defendants' conduct as follows:

| | |
|---|---|
| Flagstar: | $22,400,000.00 |
| Impac: | $12,632,080.64 |
| Washington Mutual: | $ 1,291,054.96 |
| US Bancorp: | $ 300,000.00 |
| Lehman: | $ 504,638.53 |
| Bank One: | $ 233,964.42 |
| Greenpoint Mortgage: | $ 113,930.02 |
| Wells Fargo Bank N.A. | $ 30,008.59 |

1

WHEREAS, on November 8, 2005, the Government issued a Notice of Forfeiture for assets subject to the forfeiture claim in the Criminal Action;

WHEREAS, on December 8, 2005, Flagstar and Impac filed a Petition to Amend the Notice of Forfeiture to exempt certain assets subject to forfeiture pursuant to 21 U.S.C. § 853 (n) ("Petition").

WHEREAS, Flagstar and Impac, the Other Banks, and the Government desire to resolve the forfeiture claims in the Criminal Action to facilitate the speedy and fair restitution and restoration of the proceeds to the Criminal Defendants' victims.

NOW, THEREFORE, in consideration of the mutual promises and covenants provided herein, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

1. **Restitution Order**. The Other Banks, Flagstar and Impac, and the Government agree that the assets identified in the Notice of Forfeiture shall be paid out in accordance with the restitution order entered by the Court at the time of Gerald Small's sentencing. All parties agree to recommend to the Court that the restitution order should direct restitution to the Other Banks and Flagstar and Impac in the following amounts:

| | |
|---|---|
| Flagstar: | $22,400,000.00 |
| Impac: | $12,632,080.64 |
| Washington Mutual: | $129,105.49 |
| US Bancorp: | $30,000.00 |
| Lehman: | $50,463,85 |
| Bank One: | $23,396.44 |
| Greenpoint Mortgage: | $11,393.00 |
| Wells Fargo Bank N.A. | $3, 000.85 |

The restitution order should further direct that the forfeited assets shall be paid out in the following order: the assets shall first be applied to pay the Other Banks the agreed-upon amounts as reflected in paragraph 1; the excess shall be applied to pay Flagstar and Impac.

2. **Restoration of Assets**. Upon the execution of this Settlement Agreement and the Court's entry of a restitution order at the time of Gerald Small's sentencing, the Government shall recommend to the appropriate personnel at the Department of Justice that all of the forfeited assets identified in the Notice of Forfeiture be returned to the Clerk of the Court for restoration to be paid out in accordance with the restitution order.

3. **The Seized Cost Allocation.** From the forfeited assets, the Government shall receive a Seized Cost Allocation not to exceed $283,000.

4. **Dismissal of Petition**. Flagstar, Impac and the Other Banks shall dismiss with prejudice the Petition in the Criminal Action upon the occurrence of all of the following events (1) the execution of this Settlement Agreement by all of the parties hereto, (2) the Government's

2

agreement that it shall receive a Seized Cost Allocation not to exceed $283,000; (3) a restitution order entered by the Court that reflects the payout distribution identified in paragraph 1 and (4) the restoration of the assets identified in the Notice of Forfeiture to the Clerk of the Court.

     5.    **Mutual Release.** Except as provided herein, (1) Flagstar and Impac, and (2) each of the Other Banks each for itself and its officers, directors, employees, principals, parent corporations, subsidiaries, subcontractors, agents, predecessors, attorneys, affiliates, and assigns hereby fully and finally releases and forever discharge each other party and each of such other party's officers, directors, employees, principals, predecessors, successors, agents, attorneys, insurers, insureds, affiliates, and assigns from any and all claims, debts, liabilities, demands, obligations, injuries, damages, losses, causes of action, costs, expenses, and attorneys' fees between or among them of every kind and nature in law, equity or otherwise, whether known or unknown, contingent or fixed, or existing now or arising in the future relating to the Forfeiture Claims on the assets subject thereto (the "Released Claims").

     6.    **No Admission of Liability.** Nothing in this Settlement Agreement shall constitute or be construed as an admission of liability on behalf of any of the parties or shall be admissible in any court, administrative agency, or tribunal for any purpose whatsoever, with the sole exception of any proceeding to enforce or interpret the terms of this Settlement Agreement.

     7.    **Voluntarily Entered.** The parties represent and warrant that this Settlement Agreement is executed voluntarily and by the parties with the full knowledge of the consequences and implications of the obligations contained herein. The parties also represent and warrant that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Settlement Agreement, and in connection with the preparation and execution of this Settlement Agreement, and that they have carefully and thoroughly reviewed this Settlement Agreement in its entirety.

     8.    **Applicable Law.** This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Colorado, without regard to conflict of laws analysis.

     9.    **Binding Effect.** The terms and conditions contained in this Settlement Agreement shall inure to the benefit of, and be binding upon the respective successors, assigns, heirs, survivors, and personal representatives of, the parties.

     10.    **Entire Agreement.** This Settlement Agreement is the entire agreement of the parties, and supersedes all prior agreements, whether oral or in writing. This Settlement Agreement cannot be modified, supplemented, or amended unless agreed in advance, in writing, by all of the parties. Flagstar, Impac, the Other Banks, and the Government shall be deemed to be the drafters of this Settlement Agreement.

     11.    **Warranty of Authority.** The undersigned individuals warrant and represent that they are authorized to execute this Settlement Agreement and, if applicable, that all necessary corporate actions have been taken to authorize execution of this Settlement Agreement.

     12.    **Counterparts.** This Settlement Agreement may be executed in counterparts and by facsimile, and, if so executed, will be effective as if simultaneously executed at the time of receipt of the last executed counterpart.

13.    **Further Assurances**.  The Parties agree to take any further actions and to execute any further documents, stipulations, motions, releases, or other documents necessary to effectuate this Agreement.

FLAGSTAR BANK, FSB                     WASHINGTON MUTUAL BANK.

By:     s/ Matthew Roslyn              By:    s/ Norman D. Shaw
Name:   Matthew Roslyn                 Name:  Norman D. Shaw
Title:  E.V.P.                         Title: Vice President

IMPAC WAREHOUSE                        UNITED STATES ATTORNEY
LENDING GROUP, INC.

By:     s/ Stephen Wichmann            By:    s/ Matthew T. Kirsch
Name:   Stephen Wichmann               Name:  Matthew T. Kirsch
Title:  V.P.                           Title: Assistant United States Attorney

BANK ONE                               GREENPOINT MORTGAGE

By:     s/ Cheryl Camperman            By:    s/ Sachin Anderson
Name:   Cheryl Camperman               Name:  Sachin Anderson
Title:  Vice President                 Title: Deputy General Counsel

LEHMAN BROTHERS BANK, FSB              US BANCORP/US BANK

By:     s/ Eric Randolph               By:    s/ Daniel P. Sink
Name:   Eric Randolph                  Name:  Daniel P. Sink
Title:  Vice President                 Title: Vice President / Corporate Counsel

WELLS FARGO BANK N.A.

By:     s/Lisa M. Tennyson
Name:   Lisa M. Tennyson
Title:  V.P. Corporate Security

4